UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1535 ODW (SSx) | Date | June 22, 2010 |
| Title | *GMAC Mortgage LLC v. Linda M. Chavers et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**   **ORDER DENYING PLAINTIFF GMAC MORTGAGE LLC'S MOTION FOR REMAND [4, 6]**

Before the Court is Plaintiff GMAC Mortgage, LLC's (*formerly known as* GMAC Mortgage Corp.) ("Plaintiff") motion for remand. (Docket Nos. 4, 6.) The motion is made on the basis that the facts alleged in the complaint do not support a finding of federal question jurisdiction. 28 U.S.C. § 1331. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After careful consideration of the parties' papers, the motion is **DENIED.**

## I.   FACTUAL BACKGROUND

Plaintiff commenced this unlawful detainer action by filing a complaint against Defendant Linda M. Chavers ("Defendant"), the former owner of the property at issue in this action, on February 3, 2010 in the Los Angeles County Superior Court. (Mot. 2.) The complaint alleges the following:

Plaintiff is the current owner of the subject real property located at 1226 Westcove Place, West Covina, California 91790 (the "Premises"). Plaintiff obtained title to, and right to possession of, the Premises by its purchase of the same at a foreclosure sale. Defendant Chavers, the former owner of the Premises, executed as Trustor a Deed of Trust, with power of sale, recorded on or about March 23, 2006 in the Official Records of Los Angeles County, which Deed of Trust encumbered the Premises. Pursuant to the foreclosure and sale of the Premises, under the power of sale contained in the Deed of Trust, Plaintiff purchased the Premises at a Trustee's Sale held on or about January 12, 2010. Pursuant to the Trustees' Sale, the title of the Premises has been duly perfected in Plaintiff's name.

Plaintiff further alleges that thereafter, Defendant Chavers remained in possession of the Premises. On or about January 20, 2010, Plaintiff served on Defendant a written Notice to Quit and Notice to Vacate (collectively, "Notices"). Despite the expiration of the Notices, Defendant refused

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1535 ODW (SSx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *GMAC Mortgage LLC v. Linda M. Chavers et al.* | | |

to surrender possession of the Premises.

Based on the above allegations, Plaintiff filed the instant unlawful detainer complaint for a post-foreclosure eviction. Defendant timely removed. In response, Plaintiff filed the instant motion.

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to federal court pursuant to the federal removal statute, based on either federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

On September 7, 2007, Defendant filed a voluntary petition under Chapter 13 of Title 11 of the Bankruptcy Code. (Opp'n at 5.) Defendant submits that the bankruptcy case is currently open and pending before the Court.

The action was removed by Defendant pursuant Title 28 U.S.C. § 1452(a) which provides that a defendant "may remove any claim or cause of action in a civil action . . . to the district court . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). In turn, Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

Here, Defendant claims that the Court may properly exercise federal question jurisdiction over this action because the unlawful detainer claim is *related to* her bankruptcy case currently pending in the United States Bankruptcy Court captioned, *In re Linda Marie Mitchell aka Linda Marie Chavers*, Case No. 2:07-bk-17893-EC. (Notice of Removal ¶¶ 1-2.) Moreover, she asserts that the instant action is also related to an Adversarial Proceeding pending before the same bankruptcy court captioned, *Chavers v. GMAC Mortgage LLC*. Defendant explains that the unlawful detainer action is related to the above-mentioned proceedings given that the state action seeks possession of a real property that belongs to the bankruptcy estate.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

○

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1535 ODW (SSx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *GMAC Mortgage LLC v. Linda M. Chavers et al.* | | |

*In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), the Ninth Circuit has adopted the test articulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), for determining whether a civil proceeding is "related to" bankruptcy.  The test

> is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz*, 852 F.2d at 457.  Here, the unlawful detainer action is related to the bankruptcy case because its outcome could alter Defendant's right over the Premises which is part of her bankruptcy estate.

Further, 28 U.S.C. § 1334(e)(1) provides that the "district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction– (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."  28 U.S.C. § 1334(e)(1).  Here, there is no dispute that the Premises, which is the subject of the unlawful detainer claim, was part of the debtor's estate at the time when the bankruptcy case commenced.  Therefore, the Court has exclusive jurisdiction over the property at issue pursuant to § 1334(e)(1).

### IV.    CONCLUSION

For the foregoing reasons, the motion for remand is **DENIED.**

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |